J-S54033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL A. KERSTETTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUANE K. KERSTETTER | |
| Appellant | No. 1910 MDA 2013 |

Appeal from the Order dated September 26, 2013
In the Court of Common Pleas of Northumberland County
Civil Division at No: CP 49 CV 845 2006

BEFORE: LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 05, 2014**

Appellant Duane K. Kerstetter (Husband) appeals from an order of the Court of Common Pleas of Northumberland County (trial court), which granted Carol A. Kerstetter's (Wife) petition for special relief. Wife moved to dismiss the appeal, alleging various violations of the Pennsylvania Rules of Appellate Procedure. For the reasons set forth below, we affirm the trial court's order and deny Wife's Motion to Dismiss.

On May 24, 2013, Wife petitioned the trial court for special relief, requesting clarification on the method of distribution of Husband's retirement assets.[1] Petition for Special Relief, 5/24/13, at 3-4. In

---

[1] By way of background, on May 15, 2006, Wife filed a complaint in divorce against Husband in the trial court, claiming that their marriage was irretrievably broken. Following years of litigation, on May 15, 2013, the trial court entered a decree, divorcing the parties from the bonds of matrimony.
*(Footnote Continued Next Page)*

particular, Wife sought the immediate distribution of $408,536.15 by Husband under section 4 of the master's report dated November 8, 2012.[2]

*Id.* at 4. Following a hearing, the trial court issued an order, granting Wife's petition for special relief. In so doing, the trial court found that the term "rollover" is defined by Webster's New World Dictionary as "[t]he reinvesting of funds in such a way as to defer the payment of taxes." Trial Court Order, 9/26/13 at 1 n.1. The trial court ultimately concluded:

> After consideration of the entirety of the [m]aster's [r]eport, the opinions of the parties, the distribution schedule as laid out by the [m]aster, and the context surrounding the word "rollover," this [c]ourt hereby ORDERS that the amount shall be, IN ITS ENTIRETY, TRANSFERRED INTO AN ACCOUNT IDENTIFIED BY [WIFE]. This [c]ourt *does not interpret the word "rollover" to mean the installment plan outlined by [Husband]*.

*Id.* (capitalization in original) (footnote omitted) (emphasis added). Husband appealed to this Court.[3]

---
*(Footnote Continued)*

The decree, *inter alia*, incorporated the master's report, rendering it "enforceable as an order of the court." Trial Court Decree, 5/15/13.

[2] On December 11, 2012, finding no exceptions were filed, the trial court issued a final order adopting the master's report. Trial Court Final Order, 6/12/12. In other words, the trial court adopted the master's report as its final equitable distribution order.

[3] On June 12, 2014, Wife moved to dismiss the appeal, *inter alia*, under Pa.R.A.P. 2101 (conformance with requirements) and 2188 (consequences of failure to file brief and reproduced records). Although we recognize and disapprove of Husband's failure to comply with the necessary briefing requirements, we nonetheless decline Wife's invitation to dismiss this appeal on that basis. Instantly, notwithstanding the briefing deficiencies, we, after much exertion, are able to sufficiently construe arguments raised in Husband's brief. Accordingly, we deny Wife's Motion to Dismiss Appeal.

On appeal,[4] Husband essentially argues that the trial court abused its discretion in finding that the term rollover in the master's report connotes a lump sum transfer of funds. Husband's Brief at iii. The record indicates that the retirement assets at issue pertain to stocks that Husband's company, of which he was the majority shareholder, repurchased from him in exchange for $ 817,072.29, to be paid to him in monthly retirement payments over a period of 18 years. Thus, because of the stock buyback or repurchase, Husband stands to receive $3,782.74 in monthly retirement income. Addendum to Retirement Agreement, 12/30/10. Relying on the stock

_____

[4] When reviewing a grant of special relief, we apply an abuse of discretion standard of review. *Prol v. Prol*, 935 A.2d 547, 551 (Pa. Super. 2007).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure. An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will.

> However, our deference is not uncritical. An order may represent an abuse of discretion if it misapplies the law. It is therefore our responsibility to be sure that in entering its order the court correctly applied the law. An order may also represent an abuse of discretion if it reaches a manifestly unreasonable result. This will be the case if the order is not supported by competent evidence. It is therefore also our responsibility to examine the evidence received by the court to be sure that the court's findings are supported by the evidence. Although we will accept and indeed regard ourselves as bound by the court's appraisal of a witness' credibility, we are not obliged to accept a finding that is not supported by the evidence. When reviewing questions of law, our scope of review is plenary.

*Id.* at 551-52 (internal citation and quotation marks omitted).

repurchase, Husband asserts that the term rollover in the master's report implies he merely is required to pay to Wife 50% of his monthly retirement income—not a lump sum of $408,536.15.[5] We disagree.

We interpret Husband's argument at its core as nothing more than a challenge to the trial court's finding that the term rollover does not imply installment payments. Our review of the record, however, finds support for the trial court's finding. Particularly, section 4 of the master's report provides in relevant part "[a]fter considering all the factors as discussed above and reviewing each party's briefs and legal arguments, the master finds that the retirement *shall be split 50%* to each party with a *rollover to Wife in the amount of $408,536.15*." Master's report, 11/8/12, at 13 (footnote omitted) (emphasis added). The master's report makes it sufficiently clear that Husband is to rollover to Wife $408,536.15.[6] We note

_____

[5] To the extent Husband argues the trial court abused its discretion in ordering him to perform an impossibility by paying Wife a lump sum of $408,536.15 because he did not receive a lump sum retirement payment as a result of the stock repurchase, we reject this argument as waived. Husband failed to raise the argument below, **see** Pa.R.A.P. 302(a), or preserve it in his Pa.R.A.P. 1925(b) statement of errors.

[6] Citing the July 23, 2013, hearing transcript, Wife points out in her brief:

> By Husband's own argument, the term rollover means a transfer ([] July 23, 2013 Hearing Transcript, p. 10-11). He further argues that "the term rollover means that you can transfer without suffering tax consequences part of the retirement account to another account." (July 23, 2013 Hearing Transcript, p.5). This is exactly what the [t]rial [c]ourt ordered when it directed that "the amount shall be, in its entirety, **transferred** into an account identified by [Wife]."

*(Footnote Continued Next Page)*

that there is no mention or reference in the master's report of any installment payment plan. Thus, based on the master's report, we discern no basis upon which to conclude that the trial court's finding with regard to the meaning of the term rollover lacked record support. Accordingly, the trial court did not abuse its discretion in determining that the proper method of distributing the retirement assets was by way of a lump sum payment from Husband to Wife for $408,536.15.

Order affirmed. Motion denied.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014

---

_(Footnote Continued)_ ───────────

Wife's Brief at 11 (emphasis in original). Moreover, we observe that Black's Law Dictionary defines the term rollover as "[t]he extension or renewal of a short-term loan; the refinancing of a maturing loan or note[; t]he _transfer of funds_ (such as IRA funds) to a new investment of the same type, esp. so as to defer payment of taxes." BLACK'S LAW DICTIONARY (9th ed. 2009) (emphasis added).